UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

KAREN A. LIPARULO,

                          Plaintiff,

v.                                                             5:06-CV-1068
                                                               (GTS/GHL)

ONONDAGA CENTRAL SCHOOL DISTRICT;
BOARD OF EDUCATION OF THE ONONDAGA
CENTRAL SCHOOL DISTRICT; and WILLIAM
RASBECK, individually and in his capacity as
Principal of the Junior and Senior High School,
                          Defendants.

_____

APPEARANCES:                                      OF COUNSEL:

O'HARA, O'CONNELL & CIOTOLI              STEPHEN CIOTOLI, ESQ.
  Counsel for Plaintiff
7207 East Genesee Street
Fayetteville , NY 13066

LAW OFFICE OF FRANK W. MILLER           FRANK W. MILLER, ESQ.
  Counsel for Defendant                   CHARLES E. SYMONS, ESQ.
6575 Kirkville Road
East Syracuse, NY 13057

HON. GLENN T. SUDDABY, United States District Judge

**DECISION and ORDER**

        Currently before the Court in this civil rights action brought by Karen A. Liparulo

("Plaintiff") is a motion for summary judgment filed by the Onondaga Central School District

("the School"), the Board of Education of the Onondaga Central School District ("the Board"),

and William Rasbeck, individually and in his capacity as Principal of the Junior and Senior High

School (collectively "Defendants").  For the reasons stated below, Defendants' motion is granted

in part and denied in part.

**I.      GENERAL FACTUAL BACKGROUND**

In March 2003, Plaintiff began her employment with the Onondaga Central School District as the Vice Principal of the Junior / Senior High School and the District's Athletic Director.   When Plaintiff began her employment, she was placed on three-year customary probation.  Her immediate supervisor was Defendant Rasbeck, who was the Principal of the Junior and Senior High School.  Sometime between March 2003 and September 2004, Plaintiff complained to the Superintendent of Schools, Carolyn Costello, that Defendant Rasbeck had subjected Plaintiff to offensive conduct, including sexual harassment.  In September 2004, Defendant Rasbeck evaluated Plaintiff's job performance, and rendered a number of negative conclusions.  In October 2004, Plaintiff announced she was suffering from anxiety and depression.  As a result, and upon her doctor's orders, Plaintiff took medical leave from work. After doing so for twelve weeks, she continued to do so.  On January 25, 2005, the Board terminated Plaintiff effective February 25, 2005.  (*Compare* Dkt. No. 25, Part 18 [Defs.' Rule 7.1 Statement] *with* Dkt. No. 27, Part 6 [Plf.'s Rule 7.1 Response].)

Familiarity with the remaining undisputed material facts of this action, as well as the disputed material facts, as set forth in the parties' Rule 7.1 Statement and Rule 7.1 Response, is assumed in this Decision and Order, which is intended primarily for review by the parties.  (*Id*.) The Court will add only two points.  First, Plaintiff's Complaint is verified, and thus has the force and effect of an affidavit for purposes of a motion for summary judgment.[1]  Second, even

---

[1]     (Dkt. No. 1, Part 1, at 30.)  *See Patterson v. County of Oneida*, 375 F.3d 206, 219 (2d. Cir. 2004) ("[A] verified pleading . . . has the effect of an affidavit and may be relied upon to oppose summary judgment."); *Fitzgerald v. Henderson*, 251 F.3d 345, 361 (2d Cir. 2001) (holding that plaintiff "was entitled to rely on [his verified amended complaint] in opposing summary judgment"), *cert. denied*, 536 U.S. 922 (2002); *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1993) ("A verified complaint is to be treated as an affidavit for summary judgment

where a party fails to comply with Local Rule 7.1, "[a] district court has broad discretion to

determine whether to overlook a party's failure to comply with local court rules [including the

local rule requiring a response to a statement of material facts]." *Holtz v. Rockefeller & Co.,*

Inc., 258 F.3d 62, 73 (2d Cir. 2001); *accord*, *Cruz v. Church*, 05-CV-1067, 2008 WL 4891165,

at *3 (N.D.N.Y. Nov. 10, 2008) (Suddaby, J.).

## II.      SUMMARY OF PLAINTIFF'S CLAIMS

On September 5, 2006, Plaintiff filed the current action, asserting the following claims

against Defendants: (1) violation of the Family Medical Leave Act ("FMLA") at 29 U.S.C. §

2602 *et. seq.*; (2) violation of the Americans with Disabilities Act ("ADA") of 1990 at 42 U.S.C.

§ 120101 *et*. *seq*.; (3) violation of the Rehabilitation Act of 1973 at 29 U.S.C. § 701; (4)

violation of the New York State Human Rights Law ("NYSHRL") at N.Y. Executive Law § 296;

(5) retaliation under the ADA, NYSHRL, and Rehabilitation Act; (6) violation of Title VII of the

Civil Rights Act of 1964 at 42 U.S.C. § 2000e-2; (7) retaliation under Title VII; (8) violation of

Section 1983 of the Civil Rights Act of 1871 at 42 U.S.C. § 1983; (9) intentional infliction of

emotional distress; (10) negligent infliction of emotional distress; (11) negligence; and (12)

prima facie tort.  (*See generally* Dkt. No. 1 [Plf.'s Compl.].)  Familiarity with the factual

allegations supporting these claims in Plaintiff's Complaint is assumed in this Decision and

Order.  (*Id*.)

---

purposes.") [citations omitted].

**III.     LEGAL STANDARD GOVERNING MOTIONS FOR SUMMARY JUDGMENT**

For the sake of brevity, the Court will not recite the well-known legal standard governing

motions for summary judgment in this Decision and Order, but will direct the reader to the

Court's recent decision in *Pitts v. Onondaga County Sheriff's Dep't*, 04-CV-0828, 2009 WL

3165551, at \*2-3 (N.D.N.Y. Sept. 29, 2009) (Suddaby, J.), which accurately recites that legal

standard.

**IV.     ANALYSIS**

**A.     Claims that Do Not Survive Summary Judgment**

**1.     ADA, Title VII and Rehabilitation Act Claims Against Defendant
Rasbeck**

"Title VII does not create individual liability for violations of its terms."  *Linder v. City*

*of New York*, 263 F. Supp.2d 585, 594 (E.D.N.Y. 2003) (citing *Tomka v. Seiler Corp.*, 66 F.3d

1295, 1313-17 [2d Cir. 1995]), *abrogated on other grounds by Burlington Indus., Inc. v. Ellerth*,

524 U.S. 742 (1998).  "Only the employer may be held liable, and is in fact held vicariously

liable for a hostile work environment created by a supervisor with immediate or successively

higher authority over the victimized employee."  *Linder*, 263 F. Supp.2d at 594-95 (citing

*Burlington Indus., Inc.*, 524 U.S. at 765) (other citation omitted).  In addition, "there is no

individual liability under the ADA."  *Brady v. Dammer*, 04-CV-1126, 2005 WL 1871183, at \*9

(N.D.N.Y. Aug. 3, 2005) (Kahn, J.) (citations omitted).  Finally, there is no individual liability

under section 504 of the Rehabilitation Act.  *See Garcia v. S.U.N.Y. Health Sciences Ctr. of*

*Brooklyn*, 280 F.3d 98, 107 (2d Cir. 2001); *Darcy v. Lippman*, 03-CV-6898, 2008 WL 629999,

at \*4 (S.D.N.Y. Mar. 10, 2008).

Here, Plaintiff has asserted ADA, Title VII and Rehabilitation Act claims against

Defendant Rasbeck.  For the reasons stated above, those claims are dismissed.

### 2.      Negligence Claim

"[I]t is well-accepted that the "New York Workers' Compensation Law . . . provides an exclusive remedy for negligence actions by an employee against his/her employer such that the Worker's Compensation law bars a claim of negligent hiring, retention, and supervision." *Smith-Henze v. Edwin Gould Services for Children and Families*, 06-CV-3049, 2008 WL 4937555, at *5 (S.D.N.Y. Nov. 19, 2008) (collecting cases).

Here, Plaintiff has asserted a negligence claim against her employer.  For the reason stated above, Plaintiff's negligence claim is dismissed.

### 3.      Claim for Negligent Infliction of Emotional Distress

"Worker's Compensation is the exclusive remedy for negligence that occurs on the job, including claims for negligent infliction of emotional distress."  *Cvern v. Enterprise Solution Providers, Inc*., 00-CV-8704, 2001 WL 533723, at *2 (S.D.N.Y. May 18, 2001); *see also Arroyo v. Westlb Admin., Inc*., 54 F. Supp.2d 224, 232 (S.D.N.Y.1999), *aff'd*, 213 F.3d 625 (2d Cir. 2000) ("In New York, recovery for accidental injuries arising out of and in the course of employment, including injuries caused by an employer's negligence, is governed by the Workers' Compensation Law.  To the extent that a plaintiff may recover for his or her injuries under the Workers' Compensation Law, this law becomes the plaintiff's exclusive remedy against his or her employer.  There is an exception, however, if the plaintiff pleads injury as a result of an intentional tort perpetrated by or at the direction of the employer.  In that event, the employee can maintain an action for damages.").

Here, Plaintiff has asserted a claim involving a negligent tort (i.e., negligent infliction of

emotional distress), not an intentional tort.  For the reason stated above, Plaintiff's claim for

negligent infliction of emotional distress is dismissed.

### 4.      FMLA Claim

"The FMLA gives eligible employees an 'entitlement' to twelve workweeks per year of

unpaid leave '[b]ecause of a serious health condition that makes the employee unable to perform

the functions of the position of such employee.'"  *Sista v. CDC Ixis N Am., Inc.*, 445 F.3d 161,

174 (2d Cir. 2006) (quoting 29 U.S.C. § 2612[a][1][D]).  In addition, "[t]he FMLA 'creates a

private right of action to seek both equitable relief and money damages against any employer

(including a public agency) in any Federal or State court of competent jurisdiction' should that

employer 'interfere with, restrain, or deny the exercise of' FMLA rights."  *Sista*, 445 F.3d at 174

(quoting *Nevada Dep't of Human Res. v. Hibbs*, 538 U.S. 721 [2003]).

To establish a claim for interference with FMLA rights, a plaintiff must demonstrate the

following: (1) she was an eligible employee under the FMLA; (2) her employer is an "employer"

under the FMLA; (3) she was entitled to leave under the FMLA; (4) she gave notice to her

employer of her intention to take leave; and (5) she was denied benefits to which she was

entitled under the FMLA.  *Brown v. Pension Bds.*, 488 F. Supp.2d 395, 408 (S.D.N.Y. 2007)

(citing *Garraway v. Solomon R. Guggenheim Found.*, 415 F. Supp.2d 377, 382 [S.D.N.Y.

2006]).  As the Second Circuit has noted, if a plaintiff is unable to return to work at the end of

the twelve weeks of medical leave to which she is entitled, under 29 C.F.R. §§ 825.216(d) and

825.214(b), the employee no longer has the protections of FMLA and must look to the workers'

compensation statute or ADA for any relief or protections.  *Sarno*, 183 F.3d at161-62.

Here, even assuming that Plaintiff provided her employer with adequate notice of her

intent to take twelve-weeks leave under the FMLA prior to her taking such leave, she has

adduced no admissible record evidence establishing that her employer denied her such leave.

The Court notes that it is undisputed that Plaintiff was absent from work for more than twelve

weeks prior to her termination.  For these reasons, Plaintiff's FMLA claim is dismissed.

> **5.      Intentional Infliction of Emotional Distress and Prima Facie Tort Claims Against All Defendants**

State law claims of intentional infliction of emotion distress and prima facie tort have a

one-year statute of limitations.  *See Ding v. Bendo*, 03-CV-1237, 2006 WL 752824, at *7

(E.D.N.Y. Mar. 23, 2006).  Here, Plaintiff was terminated on February 25, 2005, and did not

bring this action until September 5, 2006.  For this reason, Plaintiff's state law claims of

intentional infliction of emotion distress and prima facie tort are barred by the one-year statute of

limitations, and are dismissed.

> **B.      Claims that Are Dismissed in Part and Survive Summary Judgment in Part (Plaintiff's Retaliation Claims Against the School and the Board Pursuant to Title VII, the ADA, the Rehabilitation Act and NYSHRL)**

Because this Decision and Order is issued primarily for the review of the parties, and

because the parties have demonstrated an adequate understanding of the legal standard governing

retaliation claims pursuant to Title VII, the ADA, the Rehabilitation Act, and NYSHRL in their

motion papers (*see*, *e.g.*, Dkt. No. 25, Part 11, at 15-17, 21; Dkt. No. 27, Part 1, at 7-8, 12-13),

the Court will not recite those legal standards in this Decision and Order, but instead will refer

the reader to the Title VII-retaliation standard correctly recited in *Humphrey*, 2009 WL 875534,

at *13-15.  The Court will add only that the elements of a retaliation claim under either Section

504 of the Rehabilitation Act, the ADA, the NYSHRL, or Title VII are as follows: (1) a plaintiff

was engaged in activity protected by the relevant statute; (2) the alleged retaliator knew that

7

plaintiff was involved in protected activity; (3) an adverse decision or course of action was taken

against plaintiff; and (4) a causal connection exists between the protected activity and the

adverse action.  *See Weixel v. Board of Educ. of City of New York*, 287 F.3d 138, 147 (2d Cir.

2002); *Sarno v. Douglas-Elliman Gibbons & Ives, Inc.*, 183 F.3d 155, 159 (2d Cir. 1999).  For a

more detailed discussion of the relevant law regarding retaliation claims, the Court refers the

reader to the following cases: *Weixel*, 287 F.3d at 147; *Treglia v. Town of Manlius*, 313 F.3d

713, 718-20 (2d Cir. 2002); and *Sarno*, 183 F.3d at 159.

Here, the protected activity that Plaintiff asserts that she was engaged in was "going to

the Superintendent, along with other teachers, to complain about the discriminatory and

harassing conduct of Rasbeck and other male staff members."  (Dkt. No. 27, Part 1, at 7.)  It is

true that a complaint about discriminatory and harassing conduct constitutes protected activity

under Title VII.  However, such a complaint does not constituted protected activity under the

ADA, Section 504, or the NYSHRL, which regard disabilities.

With regard to Plaintiff's Title VII retaliation claim, in addition to demonstrating that

Plaintiff was engaged in protected activity under Title VII, the record evidence demonstrates that

Plaintiff's employer knew that she was involved in protected activity, because there is evidence

that her complaints were made to the Superintendent of the School.  Moreover, Plaintiff has

adduced record evidence that adverse action was taken against her as a result of her complaining

to the Superintendent.  More specifically, Plaintiff has adduced record evidence that, after she

complained, the following occurred: (1) Defendant Rasbeck conducted an untimely performance

evaluation and subsequently threatened Plaintiff's employment; (2) Defendant Rasbeck required

Plaintiff to take on more responsibilities, and meet with him weekly regarding her efforts; and

(3) she was terminated.  In addition, Plaintiff has persuasively argued that, under the circumstances, a causal connection can be inferred from the proximity in time between when she complained (August 2004) and when the adverse action occurred (between September 2004 and January 2005).  As a result, Plaintiff has made out a prima facie case of retaliation under Title VII.

With regard to her termination, Defendants have offered a non-retaliatory reason for Plaintiff's termination–i.e., her extended absence from work.  However, Plaintiff has adduced record evidence that the Superintendent failed to investigate her complaints, as well as the complaints of other teachers, while Plaintiff was on leave.  Moreover, Plaintiff has adduced record evidence that she spoke with the Superintendent in December 2004 about her absence, implicitly indicating that it would be difficult for her to return to work in the same environment.  Nonetheless, record evidence exists suggesting that the Superintendent failed to take any action with regard to Defendant Rasbeck prior to terminating Plaintiff.  Together, this record evidence creates a genuine issue of material fact regarding whether Defendants terminated Plaintiff as a result of her complaints.

For these reasons, Plaintiff's retaliation claims pursuant to the ADA, NYSHRL, and Section 504 are dismissed; however, her retaliation claim pursuant to Title VII survives Defendants' motion for summary judgment.

**C.      Claims that Survive Summary Judgment in Their Entirety**

**1.      Hostile Work Environment Claim Against the School and the Board Pursuant to Title VII**

Because this Decision and Order is issued primarily for the review of the parties, and because the parties have demonstrated an adequate understanding of the legal standard governing hostile work environment claims in their motion papers (*see, e.g.,* Dkt. No. 25, Part 11, at 17-23; Dkt. No. 27, Part 1, at 8-12, 15-17), the Court will not recite those legal standards in this Decision and Order, but instead will refer the reader to the hostile work environment standard correctly recited in *Humphrey v. County of Nassau*, 06-CV-3682, 2009 WL 875534, at \*8-10 (E.D.N.Y. Mar. 30, 2009).

After carefully reviewing the parties' arguments and record evidence on Defendants' motion, the Court finds that Plaintiff has introduced sufficient evidence from which a rational fact finder could conclude that the workplace was permeated with discriminatory intimidation that was sufficiently severe or pervasive enough to alter the conditions of her work environment. The Court will add only that an examination of the factors that courts often consider in determining whether or not a work environment is hostile reveals that (1) there is record evidence of repeated acts of discriminatory conduct as identified by Plaintiff in her Verified Complaint and motion papers, (2) there is record evidence that the discriminatory conduct was at times humiliating, and at least one time physically threatening, and (3) based on Plaintiff ultimately experiencing a mental impairment, rendering her unable to work, there is record evidence that the discriminatory conduct unreasonably interfered with Plaintiff's work performance. In addition, because there is record evidence that Plaintiff made the Superintendent and at least two Board members aware of this discriminatory conduct, a specific

basis exists for imputing the conduct that created the hostile environment to the employer (at

least at the summary judgment stage of this proceeding).  Finally, Plaintiff has sufficiently linked

Defendant Rasbeck's actions to gender through her introduction of record evidence that certain

male employees were treated more favorably than her, that Defendant Rasbeck physically

intimidated her and revealed confidential information about her to certain male employees, and

that other female teachers felt threatened and/or humiliated by Defendant Rasbeck's conduct.

For all of these reasons, Plaintiff's hostile work environment claim survives Defendants'

motion for summary judgment.

### 2. Disparate Treatment Claim Against the School and the Board Pursuant to Title VII

Because this Decision and Order is issued primarily for the review of the parties, and

because the parties have demonstrated an adequate understanding of the legal standard governing

a disparate treatment claim in their motion papers (*see, e.g.,* Dkt. No. 25, Part 11, at 17-21; Dkt.

No. 27, Part 1, at 11-12), the Court will not recite that legal standard in this Decision and Order,

but instead will refer the reader to the disparate treatment standard correctly recited in

*Humphrey*, 2009 WL 875534, at *3-7.

Here, Plaintiff has adduced record evidence that she is a member of a protected class.

Through the evaluation letter, the letters sent from other teachers to the Superintendent, and

Plaintiff's deposition testimony, Plaintiff has also created a genuine issue of material fact

regarding whether her job performance was satisfactory before her termination.  In addition,

Plaintiff has adduced record evidence that she suffered adverse employment action in that she

was terminated.  Finally, given that there is record evidence that Defendant Rasbeck threatened

to terminate Plaintiff, and that the Superintendent failed to investigate Plaintiff's complaints

about Defendant Rasbeck prior to her termination, Plaintiff has adduced evidence from which a

rational fact finder could conclude that the adverse employment action occurred under

circumstances giving rise to an inference of discrimination.  As a result, Plaintiff has satisfied

her threshold burden necessary to establish a prima facie case of discrimination.

However, Defendants have offered a non-discriminatory reason for terminating

Plaintiff–i.e., her extended absence from work.  As a result, the burden shifts back to Plaintiff "to

demonstrate by competent evidence that the legitimate reasons offered by the defendant were not

its true reasons, but were a pretext for discrimination." *Humphrey*, 2009 WL 875534, at *4

(citing *Patterson v. County of Oneida*, 375 F.3d 206, 221 [2d Cir. 2004]).

"[I]t is well-settled that a plaintiff can raise an inference of discrimination by showing

disparate treatment–namely, that a similarly situated employee outside the protected group

received more favorable treatment." *Humphrey*, 2009 WL 875534, at *4 (citation omitted).

With that said, "[t]he law does not require the employees to be similarly situated in all respects

[to make out a claim for disparate treatment], but rather requires that they be similarly situated in

all material respects." *Id*. at *4 (citing *McGuinness v. Lincoln Hall*, 263 F.3d 49, 54 [2d Cir.

2001]) (other citation omitted).  The Second Circuit has further stated that the term "all material

respects" in this context

> must be judged based on (1) whether the plaintiff and those [s]he
> maintains were similarly situated were subject to the same workplace
> standards and (2) whether the conduct for which the employer
> imposed discipline was of comparable seriousness . . . .  Hence, the
> standard for comparing conduct requires a reasonably close
> resemblance of the facts and circumstances of plaintiff's and
> comparator's cases, rather than a showing that both cases are identical .
> . . . The determination that two acts are of comparable seriousness
> requires-in addition to an examination of the acts-an examination of
> the context and surrounding circumstances in which those acts are

12

evaluated.

*Graham v. Long Island R.R.*, 230 F.3d 34, 40-41 (2d Cir. 2000) (internal quotation marks and citations omitted).

Plaintiff has adduced evidence that certain male teachers and coaches at the School were treated more favorably than her.  More specifically, Plaintiff has adduced evidence that certain male teachers received more favorable job assignments, were allowed more leeway in their positions, and frequently used profane language around Plaintiff and made derogatory remarks toward her.  In addition, Plaintiff has adduced evidence that she was talked to and evaluated by Defendant Rasbeck for her work performance, but that none of these "favored" male employees were talked to or evaluated for their performances.

Under these circumstances, the Court cannot conclude as a matter of law that Plaintiff has not offered sufficient evidence from which a rational fact finder could conclude that she was similarly situated to the male teachers who allegedly received favorable treatment.  For these reasons, Plaintiff's disparate treatment claim survives Defendants' motion for summary judgment.

### 3.     ADA, Rehabilitation Act and NYSHRL Claims Against the School and the Board

Because this Decision and Order is issued primarily for the review of the parties, and because the parties have demonstrated an adequate understanding of the legal standard governing ADA claims, Rehabilitation Act claims, and NYSHRL claims in their motion papers (*see, e.g.,* Dkt. No. 25, Part 11, at 4-15, 21-22; Dkt. No. 27, Part 1, at 4-6), the Court will not recite those legal standards in this Decision and Order, but instead will refer the reader to the ADA standard correctly recited in *Geoghan v. Long Island R.R.*, 06-CV-1435, 2009 WL 982451, at *7-26

(E.D.N.Y. Apr. 9, 2009).  The Court will add only that the Rehabilitation Act standards and the

NYSHRL standards in employment discrimination cases are the same as the ADA standards.

*See, e.g., Geoghan*, 2009 WL 982451, at *26.  As a result, the Court's analysis under the ADA

applies to these claims as well.

Plaintiff has offered sufficient record evidence from which a rational fact finder could

conclude that she suffered from a disability within the meaning of the ADA–i.e., a mental

impairment that substantially limited her ability to work.  Further, there is no dispute that the

School is an ADA-covered employer.  In addition, Plaintiff has introduced sufficient record

evidence from which a rational fact finder could conclude that she was able to perform the

essential functions of her job prior to her disability.  As a result, there is at least a genuine issue

of material fact regarding whether, Plaintiff could have performed the essential functions of her

job with reasonable accommodations (such as having the Superintendent present for all meetings

between Plaintiff and Defendant Rasbeck, requiring Plaintiff and Defendant Rasbeck to attend

sensitivity training courses together, or re-training Plaintiff and/or Defendant Rasbeck to work at

the elementary school in the same role).  Moreover, a genuine issue of material fact exists

regarding whether these accommodations were reasonable under the circumstances.  Finally, a

genuine issue of material fact exists regarding whether or not Plaintiff was terminated because of

her mental impairment, because there is record evidence that she was formerly capable of

performing the essential functions of her job, and that Defendants made no effort to

accommodate Plaintiff, or assist her in returning to work, prior to terminating her.

For these reasons, Plaintiff's ADA, NYSHRL and Rehabilitation Act claims survive

Defendants' motion for summary judgment.

### 4.      NYSHRL Claim Against Defendant Rasbeck

Individual defendants with supervisory control over a plaintiff may be held personally liable under the NYSHRL, and therefore may be sued in their personal capacities. *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1313 (2d Cir. 1995), *abrogated on other grounds by Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998); *see also Humphrey*, 2009 WL 875534, at \*22.  As a result, for the same reasons that the Court found that Plaintiff's NYSHRL claim against the School and the Board survives Defendants' motion for summary judgment, the Court finds that Plaintiff's NYSHRL claim against Defendant Rasbeck survives Defendants' motion for summary judgment.

### 5.      Section 1983 Claim Against All Defendants

Because this Decision and Order is issued primarily for the review of the parties, and because the parties have demonstrated an adequate understanding of the legal standard governing a Section 1983 in their motion papers (*see, e.g.,* Dkt. No. 25, Part 11, at 23; Dkt. No. 27, Part 1, at 19-21), the Court will not recite that legal standard in this Decision and Order, but instead will refer the reader to the Section 1983 standard correctly recited in *Humphrey*, 2009 WL 875534, at \*17-19.

Here, Plaintiff has adduced record evidence that her constitutional rights were violated and that she was deprived of a "right, privilege, or immunity guaranteed by the Constitution or laws of the United States." In addition, Plaintiff has adduced record evidence that Defendant Rasbeck was a person acting under the color of state law. However, the viability of Plaintiff's Section 1983 claim turns on whether, or to what extent, the "Sea Clammers" doctrine bars that claim.

With regard to this issue, the Court notes that the facts giving rise to Plaintiff's claim

under Title VII may be similar, if not identical, to the facts giving rise to Plaintiff's claims under

Section 1983.  (*See generally* Dkt. No. 1, Part 1 [Plf.'s Compl.].)  However, Plaintiff's claim

under Title VII indeed appears sufficiently separate and distinct from her claim under Section

1983.  Specifically, to the extent that Plaintiff's Section 1983 claim is based on facts giving rise

to her Title VII claim, her Section 1983 claim nonetheless arises "under the Constitution,"

specifically the Equal Protection Clause and/or Due Process Clause of the Fourteenth

Amendment.  (Dkt. No. 1, Part 1, at ¶ 112; *see also* Dkt. No. 27, Part 1, at 19 [citing Equal

Protection Clause of the Fourteenth Amendment]).[2]  *See Gorton v. Gettel*, 04-CV-0236, 2007

WL 2154193, at *8 (S.D.N.Y. Jun 22, 2007) ("Nothing [in the "Sea Clammers" Doctrine]

prevents plaintiff from bringing a § 1983 action [for sexual harassment in public employment]

under another federal law, in this case the Equal Protection and Due Process Clauses of the

Fourteenth Amendment.").[3]  As a result, Plaintiff can assert a Section 1983 claim that is based on

the facts giving rise to Plaintiff's claim under Title VII.

However, to the extent that Plaintiff's Section 1983 claim is based on facts giving rise to

her ADA and Rehabilitation Act claims, her Section 1983 claim does not appear to arise under

the Constitution, based on the Court's review of Plaintiff's papers and the relevant caselaw.  *See,*

---

[2]    The Court notes that *all* complaints must be construed liberally, pursuant to Fed.
R. Civ. P. 8(e).  In addition, civil rights complaints must be construed with an extra degree of
liberality, due to the serious nature of the claims they assert.  *U.S. v. City of New York*,
359 F.3d 83, 91 (2d Cir. 2004).

[3]    *See also Annis v. County of Westchester*, 36 F.3d 251, 254 (2d Cir. 1994) (sexual
harassment in public employment is actionable under § 1983 and the Equal Protection Clause of
the Fourteenth Amendment); *accord*, *Saulpaugh v. Monroe Cmty. Hosp.*, 4 F.3d 134, 142-43 (2d
Cir. 1993) (Title VII case).

*e.g., Colon v. City of Long Beach*, 676 F. Supp. 1289, 1297 (E.D.N.Y. 1987) (rejecting argument

that disability claim arose under Fourteenth Amendment for purposes of Section 1983).  (*See*

*also* Dkt. No. 27, Part 1, at 19 [not citing any constitutional amendment].)  Rather, that claim

appears to arise under the ADA and/or Rehabilitation Act themselves.

Setting aside the conflict in relevant cases that exists outside the Second Circuit, there

appears to be a conflict in cases, within the Second Circuit, regarding whether such a Section

1983 claim may be asserted to the extent that it arises under the ADA and/or Rehabilitation Act.

*Compare Bayon v. State Univ. of New York at Buffalo*, 98-CV-0578, 2001 WL 135817, at *3

(W.D.N.Y. Feb. 15, 2001) ("Where Congress has established enforcement mechanisms

containing remedial devices that are sufficiently comprehensive, as it has done with . . . the

ADA, those enforcement mechanisms may not be bypassed by bringing suit under section

1983.") [citation omitted] *and Wasser v. New York State Office of Vocational and Educational*

*Services for Individuals with Disabilities*, 01-CV-6788, 2008 WL 4070263, at *12 (E.D.N.Y.

Aug. 27, 2008) ("Wasser may not use § 1983 to seek enforcement of his rights under § 722 of

the Rehabilitation Act . . .") *with Marshall v. Switzer*, 10 F.3d 925, 930-31 (2d Cir. 1993)

(permitting plaintiff's Section 1983 claim based on violation of Title I of the Rehabilitation Act)

*and Rothschild v. Grottenthaler*, 716 F. Supp. 796, 801 (S.D.N.Y. 1989) ("[W]e think it clear

that "[the Rehabilitation Act] not so comprehensive as to '[leave] no room for additional private

remedies under § 1983.") [citation omitted], *aff'd in part, and vacated in part on other grounds,*

907 F.2d 286 (2d Cir. 1990).[4]

---

[4]     The Court acknowledges that Plaintiff's ADA and Rehabilitation Act claims are
not actionable against individuals, while Plaintiff's Section 1983 claim is actionable against
individuals.  However, the Court has found no caselaw suggesting that this difference is itself

The Court is cognizant of the rebuttable presumption that Plaintiff enjoys under the circumstances, which presumes that the claim asserted actually exists.  The Court is also cognizant of the burden that Defendants bear in having to demonstrate that Congress did not intend to create the claim asserted.  Based on Defendants' motion papers, Defendants have not met this burden.  (*Compare* Dkt. No. 25, Part 11, at 23 *with* Dkt. No. 27, Part 1, at 17-21.)

For all these reasons, the Court finds that Plaintiff's Section 1983 claim survives Defendants' motion for summary judgment.

**ACCORDINGLY** it is

**ORDERED** that Defendants' motion for summary judgment is **GRANTED** **in part** and **DENIED** **in part** in the following respects:

(1) Plaintiff's following claims are **DISMISSED**:

    (I) the FMLA claim;

    (ii) the retaliation claim pursuant to the ADA, NYSHRL and Rehabilitation Act;

    (iii) the claim for intentional infliction of emotional distress;

    (iv) the negligence claim;

    (v) the claim for negligent infliction of emotional distress;

    (vi) the claim of prima facie tort;

    (vii) the ADA claim against Defendant Rasbeck;

    (viii) the Title VII claims against Defendant Rasbeck; and

    (ix) the Rehabilitation Act claim against Defendant Rasbeck;

---

sufficient to render the ADA and Rehabilitation Act claims sufficiently separate and distinct from a Section 1983 claim, for purposes of the "Sea Clammers" Doctrine.

(2) Plaintiff's following claims survive Defendants' motion for summary judgment:

> (I) the ADA claim against the School and the Board;

> (ii) the Rehabilitation Act claim against the School and the Board;

> (iii) the non-retaliation NYSHRL claims against the School, the Board and
> Defendant Rasbeck;

> (iv) the hostile work environment claim against the School and the Board;

> (v) the disparate treatment claim against the School and the Board;

> (vi) the retaliation claim against the School and the Board pursuant to Title VII;
> and

> (vii) the Section 1983 claim; and it is further

**ORDERED** that counsel are directed to appear on **DECEMBER 8, 2009** at 2:00 p.m. in chambers for a pretrial conference in this action with the undersigned, at which counsel are directed to appear with settlement authority, and in the event that the case does not settle, trial will be scheduled at that time.

Dated:  November 12, 2009
   Syracuse, New York


Hon. Glenn T. Suddaby
U.S. District Judge